UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAMES K. CAINES, IV,                :
                                    :       Civil Action No. 06-3455(PGS)
            Petitioner,             :
                                    :
      v.                            :       OPINION
                                    :
MICHELLE RICCI, et al.,             :
                                    :
            Respondents.            :

APPEARANCES:

    JAMES K. CAINES, IV, Petitioner pro se
    #296557
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 07001

**HAYDEN**, District Judge

This matter is before the Court pursuant to a petition for habeas corpus relief under 28 U.S.C. § 2254 filed by petitioner James K. Caines, IV ("Caines"). Caines also submitted an application to proceed in forma pauperis, and it appears that he is qualified to proceed as an indigent. For the reasons stated below, the petition will be dismissed without prejudice for failure to exhaust state court remedies.

I.   BACKGROUND

According to the allegations contained in the petition, petitioner, Caines is a state prisoner sentenced pursuant to a state court judgment of conviction entered in the State of New Jersey on or about November 21, 1997. Caines challenges his state court conviction and sentence on several grounds asserting

violations of his constitutional rights. He states that he filed a direct appeal from his conviction, as well as a petition for post-conviction relief ("PCR") in state court. The state PCR petition was filed on February 9, 2001. Caines admits that his state PCR petition was still pending at the time he filed this habeas petition. However, Caines asserts excessive delay by the state court in bringing the PCR proceedings to conclusion. He asks this Court to make a ruling that petitioner has exhausted his available state court remedies pursuant to 28 U.S.C. § 2254(b), on the ground that state process would frustrate the use of an available remedy.

II.   ANALYSIS

A.   Pro Se Pleading

Caines brings his habeas petition as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

B.  Exhaustion Analysis

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ."[1] 28 U.S.C. § 2254(b)(1).  See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18.  Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  Rose, 455 U.S. at 519.

---

[1] Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886).  The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.") Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

The petitioner generally bears the burden to prove all facts establishing exhaustion. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993). This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition. Picard, 404 U.S. at 275. Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same. Id. at 277.

4

Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies. 28 U.S.C. § 2254(c).

In the present case, the petition, on its face, shows that Caines has failed to exhaust his state court remedies with respect to the challenged state court conviction. He admits that he has filed a state PCR petition, which is still pending. Caines further argues that the inordinate and excessive delay by the state court in reaching his matter for disposition warrants a ruling by this Court that petitioner has satisfied his exhaustion requirement.

However, this Court's review of the documents submitted by Caines show that any delay in bringing the state PCR proceedings to conclusion is not the fault of the state court, but rather, is related directly to petitioner's failure to pursue the merits of his state PCR petition. In fact, in a letter dated August 6, 2003, the state court, in response to Caines' inquiry as to the delay in his case, informed petitioner that they were awaiting petitioner's case to be assigned to a public defender so that he could have an attorney represent him during the PCR proceedings. The selected correspondence attached by petitioner also reveals that his several attorneys had communicated with petitioner frequently about the potential claims to be raised, and that

there seemed to be dissatisfaction or disagreement by petitioner as to how his case was being handled and the arguments and motions he wanted to raise in his PCR proceedings.

Thus, any delay in bringing his state PCR proceedings to conclusion may be attributed to petitioner, and not the state court. There is no indication from the correspondence submitted by Caines that state procedures are in effect unavailable to him. In fact, Caines recently has informed the Court that the State of New Jersey filed a motion in the Superior Court of New Jersey, Essex County, to have the state PCR petition heard on August 1, 2006.[2] As a matter of comity, it is best left to the New Jersey courts to determine Caines' unexhausted claims. District courts should dismiss petitions containing unexhausted claims in the absence of a state court decision clearly precluding further relief, even if it is not likely that a state court will consider the claims on the merits. Banks v. Horn, 126 F.3d 206, 212-14 (3d Cir. 1997); see also Toulson, 987 F.2d at 989.

Therefore, based on the petition and attachments, it is obvious that the claims regarding ineffective assistance of counsel and other arguments asserted by Caines in his habeas

---

[2] It is not clear whether a hearing was conducted on August 1, 2006, and if a decision was rendered on the state PCR petition. In any event, even if the petition was denied on August 1, 2006, Caines would have to exhaust his remedies to the state's highest court on appeal from denial of the state court petition before he can proceed in this Court on a federal habeas petition.

6

petition have not been fully exhausted before the highest court in New Jersey, and that such claims are still pending final state collateral review. Accordingly, the Court is constrained to dismiss the entire petition, without prejudice, for failure to exhaust as required under 28 U.S.C. § 2254. See Rose, 455 U.S. at 510.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 1537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in

its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the Court's procedural disposition of this case debatable. Accordingly, no certificate of appealability will issue.

IV. CONCLUSION

For the foregoing reasons, this Court finds that Caines has failed to exhaust his available state court remedies or to allege facts sufficient to excuse failure to exhaust. The Court therefore will dismiss without prejudice the § 2254 habeas petition for failure to exhaust available state court remedies.

No certificate of appealability will issue, insofar as Caines has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

*[signature]*
PETER G. SHERIDAN
United States District Judge

DATED: